IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MAMIE BROIDY )
    Plaintiff, )
)
v. ) Civil Action No. TMD 09-1323TMD
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Mamie Broidy ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 9) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 19). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

I. Procedural History

Plaintiff filed her application for DIB on October 4, 2005 alleging disability since September 1, 2004. R. at 13, 70. The claim was denied initially and on reconsideration. R. at 59-60, 62-64. On November 2, 2007, a hearing was held before an administrative law judge

("ALJ") at which Plaintiff testified. R. at 22-37. Plaintiff was represented by counsel. In a decision dated December 4, 2007, the ALJ denied Plaintiff's request for benefits. R. at 10-21. On March 20, 2009, the Appeals Council denied review making this action ripe for review. R. at 2-5.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: lumbar spinal stenosis, achalasia, acid reflux disease and obesity. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was capable of performing her past relevant work; and accordingly, he concluded that Claimant was not disabled. R. at 13-21.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence

presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. Discussion

Plaintiff contends that (1) the Appeals Council failed in its duty of explanation regarding Plaintiff's "new and material" evidence; (2) the ALJ erred in his evaluation of Plaintiff's obesity; (3) the ALJ erroneously assessed Plaintiff's RFC; (4) the ALJ erroneously assessed Plaintiff's credibility; and (5) the ALJ erroneously determined that Plaintiff could perform her past relevant work. For the reasons discussed below, the Court finds Plaintiff's arguments to be without merit.

A. Appeals Council

Plaintiff argues that the case should be remanded based on the failure of the Appeals Council to articulate its reasons regarding the evidence submitted to it. The issue of reviewing the decision of the ALJ in the absence of any explanation from either him or the Appeals Council regarding the weight given to the newly submitted medical evidence is not new to this Court. This Court recently addressed this dilemma in *Waters v. Astrue*, No. 06-101PWG (D. Md. July 18, 2007) and *Barton v. Astrue*, No. 06-790PWG, (D. Md. July 18, 2007). The Court held:

> New evidence is evidence which is not duplicative or cumulative. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F. 2d at 96. When the Appeals Council incorporates new evidence into the record, the Court must review the record as a whole including the new evidence. *Id.* To the extent that my decision in *Hawker v. Barnhart*, 235 F. Supp.2d 445 (D. Md. 2002)] is read as having departed from the standards for review of new evidence set forth in *Wilkins*, by mandating that a remand must always follow whenever the Appeals Council fails to explain how it evaluated new evidence presented to it, regardless of whether this evidence could have changed the outcome when considered with the evidence produced before the ALJ, it should no longer be followed, as *Wilkins* does not require such an automatic remand, and it is controlling.

*Barton*, Mem. Op. at 4, *Waters*, Mem. Op. at 3.

There is no requirement that the Appeals Council provide a detailed explanation of newly submitted evidence in situations where review is denied. *See Freeman v. Halter,* 15 Fed. Appx. 87, 2001 WL 847978 (4th Cir. 2001); (the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision). At the same time, it is well-established that this Court must review the entire record , *see Wilkins*, 953 F.2d at 96, and is not permitted to weigh evidence but rather must determine whether substantial evidence supports the Commissioner's decision. *See Bryant v. Barnhart*, 04CV17, 2005 WL 1804423 at *5 (W.D. Va. Jan. 21, 2005) ("While the Appeals Council is not required by its regulatory scheme to provide a detailed statement of reasons regarding late breaking evidence, its failure to deal with such evidence in any fashion meaningful to the district court's substantial evidence review runs the *risk* of a remand to require the Commissioner to explicitly consider the additional evidence *under certain circumstances*.") (emphasis added).

As stated in this Court's prior decision, the

> Court is unwilling to adopt a bright line rule that a remand is required solely because the Appeals Council fails to provide an explanation for its consideration of the additional evidence. The Court's role continues to be the determination of whether substantial evidence supports the Commissioner's decision; now, in light of the evidence which the ALJ never considered. Additionally, while evidence considered by the Appeals Council must have been found to be "material", *i.e.* a reasonable possibility that it would have changed the outcome, that alone clearly does not necessitate a finding at the district court level that the case be remanded. Rather, at this juncture, the Court's role is to determine whether the record, as whole (including that evidence considered by the Appeals Council), supports the Commissioner's findings. *Wilkins*, 953 F.2d at 96. While the Court notes that under the outline laid out in this opinion, its review includes evidence which was neither considered by the ALJ nor explained in any meaningful fashion by the Appeals Council, it still does not undertake to *weigh* the evidence.

*Yolonda Moore v. Astrue*, No. 05-2952, Aug. 4, 2007. Accordingly, the Court, in reviewing the record as a whole, must determine if the new evidence calls into doubt the decision of the ALJ. Here, the Court finds that it does not and accordingly, a remand is not necessary.

The new evidence consisted of additional records from Plaintiff's treating health care provider, Kaiser Permanente covering the period from February 22, 2007 through August 17, 2007. R. at 5, 311-33. Plaintiff argues that this evidence presents new impairments of edema and bilateral heel spurs, which were not previously considered. Pl. Mem. at 6. She further argues that these impairments would have resulted in greater limitations particularly with respect to her ability to stand and walk.

The Court finds that the Appeals Council did not err in finding that the evidence did not provide a basis for changing the ALJ's decision. R. at 2-5. Among this newly submitted evidence are treatment notes dated August 17, 2007 indicating that Claimant presented with increased swelling in her feet and pain in her heels but also noted that Claimant had been

5

walking on the treadmill for exercise and there was no change in habits. R. at 314. Treatment notes dated June 30, 2007 also indicate a history of leg/foot edema but also note that she had been exercising lately. R. at 319. In short, the Court finds, without hesitation, that the evidence submitted to the Appeals Council would not have likely changed the ALJ's RFC finding.

  B. <u>Obesity</u>

Citing an abundance of caselaw, Plaintiff next argues that the ALJ failed to consider Plaintiff's obesity in combination with her other impairments and on her ability to perform basic work activities. The ALJ determined at step two that obesity constitutes a severe impairment. R. at 15. Contrary to Plaintiff's assertion, the ALJ specifically considered Plaintiff's obesity in combination with her other impairments. For example, at step three, he summarized SSR 02-01p, the relevant regulation regarding obesity, and specifically noted that obesity may have an adverse impact upon co-existing impairments. He went on to state that "[t]hese considerations have been taken into account in reaching the conclusions herein." R. at 17. For example, the ALJ, in discussing Listing 1.02, Major Dysfunction of a Joint (due to any cause), he specifically noted Claimant is able to ambulate effectively. R. at 17. Similarly, he found that although Claimant had a history of hypertension, she did not suffer from cardiovascular related problems which he previously noted might be affected by obesity. R. at 17. Moreover, State Agency Medical Consultant, Dr. Hakkarinen, whose opinion was given significant weight by the ALJ, specifically considered the effects of Claimant's obesity in formulating his opinion. Specifically, he included postural limitations (incorporated by the ALJ in his RFC) due to "limitations of obesity." R. at 20, 289, 290 (noting a BMI of 45.1). Those

postural limitations were incorporated directly into the ALJ's RFC. R. at 18. Moreover, in summarizing the evidence in connection with explaining his RFC determination, the ALJ noted Claimant's weight of 284 pounds on August 3, 2005 and a BMI of 44, 297 pounds on November 3, 2005 and 295 pounds on November 21, 2005. R. at 20. The Court finds that the ALJ properly considered Claimant's obesity at steps 2 through 4 of the sequential evaluation.[1]

C. RFC

Plaintiff next argues that the ALJ erred in his assessment of Plaintiff's RFC by (1) failing to set forth a narrative discussion explaining how the evidence supports each finding in his RFC; and (2) failing to include any limitation on her ability to stand and/or walk.[2] With respect to the first assertion, Plaintiff does not articulate her argument with any specificity. The Court finds that the ALJ's discussion of the evidence throughout the opinion clearly serves as a basis for the findings incorporated in the RFC.

Regarding Plaintiff's assertion that the ALJ did not place any limitations on Claimant's ability to stand and/or walk, the Court finds that the ALJ's RFC assessment limiting Claimant to light work with certain postural limitations is supported by substantial evidence. Plaintiff correctly points to various places in the record where she complains of low back pain as well as various notations regarding edema and heel spurs. *See, e.g.,* R. at 186, 253. As discussed

---

[1] Because the ALJ found Claimant capable of performing her past relevant work, he did not proceed to step 5 of the sequential evaluation.

[2] Plaintiff also asserts the RFC is flawed based on the ALJ's alleged failure to consider her obesity. This argument is rejected based on the reasons discussed in the previous section.

above, the ALJ, in making his RFC determination, gave great weight to the opinion of the state agency medical consultant. R. at 20.[3] That opinion which indicated Claimant was capable of light work with some postural limitations and no climbing of ladders ropes and scaffolds was based, in part, the findings of consultative examiner, Dr. Kurup. R. at 20. On September 26, 2006, Dr. Kurup noted that his findings did not comport with Claimant's complaints of pain, R. at 281. He noted normal range of motion in the upper and lower extremities and normal cervical range of motion, that Claimant was able to walk on heels and toes and had some reduced range of motion in her lumbar spine. R. at 17, 278-83. The ALJ also credited treatment notes from Kaiser Permanente including an April 11, 2006 note indicating straight and non-tender spine, no edema, deformities or tenderness and normal gait, June 30,2005 and July 19, 2005 treatment notes indicating essentially the same. R. at 20, 182-84, 253-54. The Court finds the ALJ's RFC assessment is supported by substantial evidence.

D. Credibility

Plaintiff sets forth a host of arguments in support of her assertion that the ALJ's credibility determination is not supported by substantial evidence. It is within the province of the finder of fact to determine the credibility of witness testimony and the weight to be assigned to it. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990); *Hammond v. Heckler,* 765 F.2d 424, 426 (4th Cir.1985). Here, the ALJ found Claimant not credible based upon the lack of

---

[3] As the Commissioner points out, the record contains the opinions of two state agency medical consultants. R. at 137-44, 284-91. Although the ALJ identified the opinion dated March, 2006, his RFC assessment more closely resembles that of October, 2006 and the Court finds that the ALJ, in fact, adopted this more restrictive opinion. Accordingly, his citation to the less restrictive March 2006 opinion is harmless as the ALJ's RFC assessment is also consistent with that opinion.

8

congruence between her testimony and the record evidence including the evidence discussed above.  R. at 19-20.

Plaintiff argues that the ALJ erred by solely basing this credibility determination on his own lay observations of Plaintiff's demeanor at the hearing, or in other words, using an impermissible " sit and squirm test." Pl. Mem. at 16-19 (citing *Wander v. Schweiker,* 523 F.Supp. 1086 (D.Md.1981)).  Specifically, Plaintiff cites to the ALJ's finding that Plaintiff appears to exaggerate minimal symptoms and although she claims she stays in bed for the day, she appeared at the hearing and did not show any signs of difficulty.  R, at 19.  As Plaintiff argues, an ALJ may not base a credibility determination *solely* on their observations of a claimant's demeanor at the hearing.  *See Jenkins v. Sullivan* 906 F.2d 107, 108 (4th Cir.1990). Nonetheless, an ALJ may include observations of the claimant as part of their credibility determination. *Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir.1984). Further, as discussed above, an ALJ's credibility determinations are generally afforded great weight. *Id.*  In the instant case, while the ALJ cited her own lay observations of Plaintiff's demeanor at the hearing in evaluating Plaintiff's credibility, the ALJ also relied on other evidence, including notes from Plaintiff's medical records including (but not limited to) those discussed above.

    E.    <u>Past Relevant Work</u>

Finally, Plaintiff argues that the ALJ failed to make an assessment of the physical and mental demands of Plaintiff's past relevant work; and therefore, his finding that Claimant was capable of performing that work is not supported by substantial evidence.  In regard to the demands of Claimant's past relevant past relevant work, the Regulations state that the ALJ

should ask a claimant for information about her past relevant work and that the ALJ *may* consult other sources. *See Groeper v. Sullivan,* 932 F.2d 1234, 1238 (8th Cir.1991) (holding that "information [regarding past relevant work] will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source"). As such, the Regulations do not require the ALJ to obtain the testimony of a vocational expert or consider the Dictionary of Occupational Titles or other sources to determine the requirements of a claimant's past relevant work. *See also Hogan v. Apfel,* 239 F.3d 958, 962 (8th Cir.2001).

In this matter, Claimant described the requirements of her past relevant as a data entry clerk. She indicated that she entered scholarship monies into "the system and recorded it in booklets." R. at 25. She described the work as "[p]aperwork mostly" and "[d]ata entry". *Id.* at 25-26. She testified that she did that work for a year and that prior to that, she was a financial aid[sic] clerk." *Id*. at 26. Similarly, she testified that she also entered documents in that position; specifically, financial aid documents. *Id*. She further testified that was essentially required to sit at a computer all day and enter data and type; and accordingly, the ALJ concluded that her past relevant work was sedentary. *Id.* As such, the ALJ relied on Plaintiff's description and found that given her RFC, she was capable of performing her past relevant work. *See* 20 C.F.R. § 404.1560; *Hogan,* 239 F.3d at 962  While the Court finds that the information gathered by the ALJ was not expansive, his ultimate conclusion regarding Plaintiff's past relevant work is supported by substantial evidence.

Plaintiff points to her Work History Report in which she reported that in her capacity as a financial aid assistant, she was required to lift up to 20 pounds, frequently lift up to 10

pounds, walk 2 hours per day and stand 1 hour per day, R. at 79-80, which would constitute light work.[4] Even assuming the correctness of this information, any error by the ALJ is harmless as he found that Claimant was capable of performing of performing light work with various limitations not affected by Claimant's reported requirements of her job.[5]

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: November 16, 2010 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

Copies to:
Stephen Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

---

[4] Being able to perform light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[5] For the reasons discussed above, the Court does not find the information submitted to the Appeals Council would alter the ALJ's findings in this regard.

11